IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                          )
                                           )
JON PATRICK & CAROLYN KAY PIERCE,          )
                                           )          CASE NO. BK06-80726-TJM
_____ Debtor(s).         )               A06-8097-TJM
DONALD & MARILYN HOOPER,                   )
                                           )
            Plaintiffs,                    )          CH. 7
                                           )
      vs.                                  )
                                           )
JON PATRICK & CAROLYN KAY PIERCE,          )
                                           )
            Defendants.                    )

ORDER

     This matter is before the court on the plaintiffs' motion for summary judgment (Fil. #27) and resistance by the debtor defendants (Fil. #34). John T. Turco represents the debtors, and Clifford T. Lee represents the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

     The plaintiffs filed this adversary proceeding to except a debt from discharge under 11 U.S.C. § 523(a)(19)[1], which prohibits the discharge of debts arising from the violation of securities

_____

[1]§ 523. Exceptions to discharge
(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt —
    (19) that —
       (A) is for —
          (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
          (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
       (B) results, before, on, or after the date on which the petition was filed, from —
          (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(continued...)

laws. The plaintiffs hold a November 2008 judgment from the District Court of Douglas County, Nebraska, in which the debtor defendants were found liable, after a trial, for violations of the Securities Act of Nebraska, with a specific finding of fraud under that Act, and were ordered to pay damages of $88,942.39 plus attorneys' fees of $29,617.46 and taxable costs. The plaintiffs assert that under § 523(a)(19), the entire amount of the judgment for damages and fees, plus taxable costs and post-judgment interest, is excepted from discharge.

The debtor defendants oppose the motion for summary judgment, arguing that the state court judgment is not final. When the judgment becomes final, the debtor defendants plan to appeal it.

The language of § 523(a)(19) is broad. The scope of subsections (B)(i) and (B)(iii) covers final *and* non-final orders. See Frost v. Civiello (In re Civiello), 348 B.R. 459, 465 (Bankr. N.D. Ohio 2006) (stating that subsection (i) includes final orders, while subsection (iii) covers "any court . . . order," which would necessarily include non-final orders).

Moreover, the amendment to § 523(a)(19) as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which added the language "before, on, or after the date on which the petition was filed" to subsection (B), makes clear that the post-petition entry of the state court's judgment does not affect its nondischargeability. In re Weilein, 328 B.R. 553 (Bankr. N.D. Iowa 2005); Barnes v. Dupree (In re Dupree), 336 B.R. 520, 531 (Bankr. M.D. Fla. 2005).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). "We look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting Anderson, 477 U.S. at 248); Ries v. Wintz Props., Inc. (In re Wintz Cos.), 230 B.R. 848, 858 (B.A.P. 8th Cir. 1999). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. Hitt v. Harsco Corp., 356 F.3d 920, 923-34 (8th Cir. 2004).

---

[1](...continued)
        (ii) any settlement agreement entered into by the debtor; or
        (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

In this case, no factual issues exist. Regardless of its finality, the Douglas County District Court judgment finding the debtors liable for fraud under the state securities act clearly falls within the scope of § 523(a)(19).  The debt is nondischargeable.

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. #27) is granted. Separate judgment will be entered.

DATED:        July 14, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    John T. Turco
    *Clifford T. Lee
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

-3-